(C.D. 2567)

CORN PRODUCTS Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 31, 1965)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Thomas Brian Ketchum* of counsel) for the plaintiff

*John W. Douglas*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: The collector classified imported leek flakes as dehydrated onions, and assessed duty thereon at 35 per centum ad valorem, which is the duty rate on vegetables, not specially provided for, under paragraph 775. Plaintiff protests the classification and assessment, claiming that dehydrated leek flakes should be classified under paragraph 775, as modified by the Japanese protocol, as vegetables, not specially provided for, dutiable at 17½ per centum ad valorem.

The protests were consolidated for trial.

The question before us is whether dehydrated leek flakes are dehydrated onions, so that by virtue of the exclusionary provision of paragraph 775 of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), the leek flakes are not dutiable under that modification of the paragraph. Modified paragraph 775 provides as follows:

> Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or if packed in oil, or prepared or preserved in any other way and not specially provided for (*except* dehydrated garlic and *dehydrated onions, in any form,* and not including vegetables pickled, or packed in salt or in brine). [Emphasis added.]

On trial in New York, plaintiff adduced the testimony of one witness and introduced a number of exhibits, illustrative and photographic, showing leeks and onions in dehydrated form, in plant form, and as dry soup mixes. A Department of Agriculture publication titled "Composition of Foods" was also introduced in evidence by plaintiff. Defendant introduced no evidence.

Mr. Charles Lediard Ward, plaintiff's purchasing agent, testified that he has been buying leek flakes since 1961, and onion flakes since 1955; that his firm uses leek and onion flakes in the preparation of dry soup mixes; that he distinguishes between leeks and onions; that leeks are used as a vegetable; that onions are used as a vegetable when in flake form and as a spice in powdered form; that substantially the whole leek plant is used to make dehydrated leek flakes, and only the bulb of the onion plant is used to make dehydrated onion flakes; that leek flakes are more expensive than onion flakes are.

Plaintiff briefed the case.

Defendant requested the court to excuse it from filing a brief, and in its request made and filed the following statement:

> Defendant concedes that the merchandise at issue is neither garlic nor any other vegetable pickled, or packed in salt or brine, within the scope of paragraph

775, as modified by T.D. 53865 and T.D. 53877. Defendant further concedes that onions are of a different botanical classification from leeks, and that the dehydrated leek flakes the subject of these protests are bought and sold in the trade and commerce of the United States as dehydrated leek flakes and not as dehydrated onions. Defendant therefore concurs, for the foregoing reasons among others, in plaintiff's claim that the merchandise is properly assessable under paragraph 775 at the reduced rate of 17½% set forth in T.D. 53865 and T.D. 53877.

Filing of a brief was excused, and the concession was accepted by the court as to the facts only.

On the facts, including evidence of record and defendant's concession (which we deem to be a stipulation of facts), we find that the leek flakes of these protests are not onion flakes, and that they are dutiable at 17½ per centum ad valorem under paragraph 775, as modified.

The protests are sustained. Judgment will be entered accordingly.